## WRIGHT v. GRIFFITH & GRIFFITH.
### (No. 2378.)

(Court of Civil Appeals of Texas. Texarkana. March 10, 1921. Rehearing Denied March 24, 1921.)

Brokers ☞55(1)—Broker held entitled to commissions on sale by other brokers; "sale."

     Agreement entitling brokers to commission on owner's "sale" to purchasers introduced by brokers or to whom brokers had previously offered the property *held* to obligate owner to pay the commission to such brokers on sale of land to purchasers introduced to owner by such brokers after negotiations between purchaser and other brokers, the owner not having been required to negotiate such sale personally in order to entitle brokers to compensation under such agreement, the word "sale," as used in connection with an owner, ordinarily meaning a completed sale.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sale.]

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by Griffith & Griffith against Joe Wright. Judgment for plaintiffs, and defendant appeals. Affirmed.

Appellant, the owner of 128 acres of land in Kaufman county, on October 28, 1918, entered into a contract in writing with appellees, real estate brokers, whereby he authorized them to sell or trade the land for $135 per acre on terms specified, or for a price and on terms acceptable to him, and whereby he agreed to pay them a commission of 5 per cent, of the amount they sold it for. Appellant reserved a right to sell the land himself, but agreed if he sold it to a person appellees introduced to him, or to a person to whom they had offered to sell same, to nevertheless pay them said commission. By the terms of the contract appellant had a right to change the price and terms of the sale he authorized appellees to make, or to withdraw the authority he conferred on them, by giving appellees 10 days' notice thereof. · June 19, 1919, a sale of the land was effected through other brokers than appellees

to wit, Williamson & Coughorn, to one W. A. Thomas. Appellees claimed they first recommended and offered to sell the land to Thomas and introduced him to appellant as a prospective purchaser thereof, and that therefore, by the terms of the contract, he was liable to them for the commission agreed upon. On that theory they brought this suit and recovered judgment against appellant for such commission, whereupon appellant prosecuted this appeal. There was testimony that appellees took Thomas to the land, went over it with him, offered to sell it to him on the terms specified in the contract referred to, and introduced him to appellant as a prospective purchaser about May 16, 1919, and were still negotiating with him when Williamson & Coughorn began negotiations with him and when appellant sold him the land. On special issues submitted to them the jury found: (1) That Williamson & Coughorn were "the efficient and procuring cause of the sale of the land." (2) That appellant never gave appellees notice of a withdrawal of the land from the market. (3) That appellees had not ceased negotiating with Thomas at the time Williamson & Coughorn began negotiations with him. (4) That appellees did not know that Williamson & Coughorn had the land "listed for sale." (5) That the sale to Thomas was at $135 per acre.

T. B. Ridgell, of Rockwall, for appellant.
Thomas R. Bond, of Terrell, for appellees.

WILLSON, C. J. (after stating the facts as above). Having determined the fact to be that appellees first found and introduced Thomas to appellant as a prospective purchaser to whom they had shown the land, the trial court concluded on that finding and the finding of the jury that appellant never notified appellees that he had withdrawn the land from sale that appellant was bound by his contract with appellees to pay them the commission agreed on, notwithstanding the fact, as found by the jury, that Williamson & Coughorn were the efficient and procuring cause of the sale effected. Whether appellant's contention that the conclusion was erroneous should be sustained or not depends on whether the trial court correctly construed a stipulation in the contract whereby appellant reserved a right to sell the land himself and then agreed as follows:

"I agree in case I sell to any person or persons introduced to me by said Griffith & Griffith, or to any person to whom they have previously and first recommended or described said property, offering same for sale by virtue thereof, then in such case I agree to pay them the full commission as above stated, and I further agree to give them 10 days' notice of withdrawal from market or change in price and terms of sale, and I bind myself to carry out any trade made by said Griffith & Griffith up to the expiration of said notice, and I agree to notify them promptly of any sale made by me or withdrawal from market." 

It appearing that other brokers, including Williamson & Coughorn, equally with appellees, had a right to act for appellant in selling the land, he insists the stipulation set out above should have been construed as binding him to pay them a commission if they did not negotiate the sale made of the land only in the event he himself, without the intervention of other brokers, sold it to a person to whom appellees had offered to sell it, or to a person they had introduced to him as a prospective buyer, and should not have been construed as binding him to pay them a commission if a sale to such a person was effected through other brokers. But we think to have so construed the stipulation would have defeated the plain purpose for which it was included in the contract, to wit, to provide compensation for services of appellees if they found and began negotiations with a person who afterwards, during the life of their contract, purchased the land; in other words, to provide not only against loss of such compensation if appellant himself concluded negotiations commenced by them with the purchaser, but also against the very thing appellant insists happened, to wit, the loss by appellees of a right to such compensation if negotiations commenced by them but concluded by other brokers resulted in a sale of the land by appellant to such a person. If such was the effect of the contract, the fact as found by the jury that Williamson & Coughorn were the efficient and procuring cause of the sale made to Thomas was not a reason why appellees should not have recovered as determined by the judgment. The insistence that it was a reason is predicated on the notion that the sale consummated was not made by appellant within the meaning of the contract, but was made by Williamson & Coughorn. In support of the insistence it is argued that to otherwise construe the contract would result in binding appellant "to pay two commissions," a thing so unreasonable, it is asserted, "no one will contend" it was intended by the parties. It is a sufficient reply to both the contention and the argument in support of it to say that appellant might have provided against such a result in the contract here in question or in the contracts with the other brokers. As he might, and, as we think, did not, he has only himself to blame for the result. There is nothing in the record which authorized, much less required, the trial court, or which authorizes this court, to look beyond the language of the contract in determining what the parties meant by it. Looking to that language, we think there is no doubt as to their meaning. Ordinarily the word "sale" means a completed sale, which includes a transfer of the title to the property, and we think the word should be given that meaning when it refers

in the contract to a sale by appellant. For anything appearing to the contrary, he alone could make that kind of a sale of the property. The same word as used with reference to the authority conferred by the owner on a broker ordinarily means no more than that the broker is authorized to find a purchaser who is ready, able, and willing to enter into a contract on terms specified or acceptable to the owner. While it may mean that the broker can bind the owner by a contract to complete a sale he has been instrumental in negotiating, it does not mean ordinarily that the broker can complete the sale by passing the title to the purchaser. The reasonableness or unreasonableness of the construction the trial court gave the stipulation depends on the point of view. To appellant it may appear unreasonable that he should have to pay commission, while to appellees, who spent money in advertising that they had the land for sale, who found the person who finally bought it, and who spent money and time in showing that person the land and in endeavoring to sell it to him, it doubtless appeared entirely reasonable that he should have to pay them a commission without respect to whether he had to pay Williamson & Coughorn one or not. It appears from testimony in the record that the negotiations between appellees and Thomas continued to the time when Williamson & Coughorn began negotiating with him, and that the sale was consummated within a very short time after the latter began negotiating with him. It further appears that appellant paid Williamson & Coughorn a commission of only 2½ per cent., or only half the amount he had contracted to pay appellees. It is not at all unreasonable, we think, to say that the purpose of the stipulation, as before suggested, was to prevent just such a result to appellees of their effort to sell the land as appellant contends for.

We think that there is no error in the judgment. Therefore it will be affirmed.